## Case No. 7,314.

### The J. F. FARLAN.

[8 Blatchf. 207.] [1]

Circuit Court, S. D. New York. Feb. 6, 1871. [2]

John E. Parsons, for libellants.
Edward H. Owen, for claimants.

WOODRUFF, Circuit Judge. I think the clear preponderance of the evidence in this case is, that the service was neither rendered nor received as a salvage service. Plainly, the captain of the schooner was acting in the belief that his vessel was in no danger, and that, without any assistance, she would soon be off the shoal. His conversation with the agent of the libellants indicated this, and the service was rendered with knowledge that such were the views under which it was accepted. The captain of the schooner is corroborated, and the declaration of the agent of the libellants, testified to by two witnesses, and not expressly denied, enjoining his men to make haste or the schooner would be off without aid, is in strong confirmation of the claimants' proofs.

The standards by which the libellants' witnesses measure the compensation tends in the same direction. One thinks the amount should be three thousand dollars, because it might have required four or five days to get the vessel off—a very good reason for asking a high price if the libellants were asked to agree to take her off at all events, however much time and service were required, but no reason for giving it for a service of two hours, rendered without fixing the price. This estimate manifestly proceeded upon an estimate of a suitable contract price, and not all upon the idea of compensation as salvors, sharing in the property saved. Others rest their estimates upon the fact that, with large outlay of expense, the libellants are much of the time without employment. This circumstance cannot properly affect the question. If, by this means, the libellants are able to render more efficient aid, that is to be considered in estimating the value of the service rendered, when that is the test of compensation: and, whenever salvage service is rendered, its usefulness and efficiency are always to be considered, by whomsoever it is rendered.

Upon the whole evidence, I do not think that here the requisite elements exist to warrant an allowance to the libellants as sharers in the property saved. Their service was not accepted upon any such footing, and I greatly doubt that it was rendered upon any such expectation. The service was not attended with any especial danger to person or property. Nothing was put at hazard; and it is, at least, doubtful, whether the service was needed. Certainly, it was not a service involving much time or serious labor to the libellants, or their agents, servants or property.

The compensation allowed below [Case No. 7,313] was moderate; and, upon consideration of the fact that the decision below was placed, in part, at least, upon the idea that a corporation should not in any case be treated as salvors, I will direct, as to the libellants, what the claimants insisted I ought to do as to them, if I increased such compensation, namely, excuse them from paying costs on the appeal. The decree must be for the libellants for the sum awarded below, four hundred dollars.